## Blish v. Greer.

[No. 9,562. Filed October 29, 1918. Rehearing denied June 20, 1919. Transfer denied December 17, 1920.]

1. EVIDENCE.—*Opinion Evidence of Physician.—Competency.—Questions Based on Facts Testified To.*—In an action for personal injuries, questions to plaintiff's physician calling for his opinion as to her condition and the possible permanency of her injuries *held* not objectionable as being based on undisclosed facts not testified to by the witness. p. 472.

2. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action for personal injuries, even though the opinion of a physician as to plaintiff's condition was based on facts not testified to by him, the admission of his opinion was harmless where the undisclosed fact was that plaintiff had only informed him she felt well, but did not complain of any illness, pain or suffering. p. 473.

3. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action for personal injuries, error, if any, in permitting plaintiff to testify as to what her attending physician told her in reference to her injuries was harmless, where he also testified as to her physical condition. p. 473.

4. DAMAGES.—*Special Damages.—Necessity of Pleading.*—Special damages cannot be recovered in the absence of proper averments in the complaint, so that where the complaint, in

an action for personal injuries alleged special damages in the loss of plaintiff's vocation as school teacher, it was error to admit testimony that plaintiff was prevented from earning money as a singer.   p. 474.

5.   APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —Error in the admission of improper evidence was harmless, where such evidence was stricken out and the jury instructed to disregard it.   p. 474.

6.   WITNESSES.— *Privileged Communications.*— *Waiver.*— In an action for personal injuries, where prior to trial plaintiff's oral examination as a party was taken in which she testified as to the medical treatment she had received she thereby waived the privilege and could not thereafter recall it.   p. 474.

7.   APPEAL.—*Review.*—*Harmless Error.*—*Exclusion of Evidence.* —Error, if any, in excluding as privileged plaintiff's testimony as to the medical treatment she had received was harmless, where she subsequently testified in full as to such matter. p. 474.

8.   EVIDENCE.— *Rebuttal.*— *Stenographer's Notes.*— In a second trial of an action, where the court reporter who had taken the evidence at the first trial was called as a witness in an attempt to rebut defendant's testimony, and she stated that she had no memory or recollection of the evidence sought to be adduced independent of her notes, defendant was entitled to have read her full notes covering such subject-matter.   p. 475.

9.   APPEAL.— *Questions Presented.*— *Admission of Evidence.*— *Failure to Except.*—Where the record showed an objection to the admission of evidence, but no exception to the overruling thereof was saved, no questions presented to such ruling.   p. 475.

10.   APPEAL.— *Review.*— *Admission of Evidence.*— *Waiver of Error.*—In an action for personal injuries, where the court reporter taking the evidence at a prior trial of the case was called as a witness in an attempt to rebut defendant's testimony, and she stated that her recollection of the evidence sought to be adduced was so vague that she could not recall it without reference to her notes, defendant cannot on appeal complain of the trial court's refusal of his request to have the reporter's full notes read as the best evidence, where subsequently to such refusal plaintiff expressly waived all objection to such reading, but defendant failed to take advantage of the opportunity to introduce the full notes in evidence.   p. 475.

From   Scott   Circuit Court;   *Robert   A.   Creigmile,* Judge.

Action by Leona Greer against Tipton S. Blish.   From

a judgment for plaintiff, the defendant appeals. *Affirmed.*

*S. B. Wells* and *Montgomery & Montgomery*, for appellant.

*Seba A. Barnes, Rufus H. East* and *Edwin E. East*, for appellee.

IBACH, J.—Appellee brought this action against appellant to recover for personal injuries which she avers· were received by her through a collision between his automobile and a buggy in which she was riding. The complaint was answered by a general denial, and the issues thus joined were submitted to a jury for trial, and resulted in a verdict and judgment for appellee for· $1,500.

Appellant's motion for a new trial was overruled, and this action of the trial court is the sole error relied upon for reversal.

The extent of appellee's injuries, their probable permanency, and their effect upon her ability to pursue her vocation of school teaching were some of the questions for consideration, and, for the purpose of aiding the jury in the consideration of the same, the deposition of Dr. Rupe as an expert witness was taken by appellee, and before the trial appellant moved to strike out and suppress therefrom the following: "Q. From what you saw and learned of her ailments that you have described and her physical condition on February last and from what you saw and learned from the casual inquiry regarding her health on the two occasions when you say you have seen her since said last date, what would you say, doctor, as to whether she is at this time physically and mentally able and fit to perform the general duties of a school teacher in the school room? A. She is not fit to perform those duties. Q. From what you learned of Miss Greer's ailments and physical con-

dition on the occasion when you examined her and on the other occasions when you have met and come into contact with her, what would you say as to the reasonable probability of her ever being mentally and physically fit to perform the duties of a school teacher in the schoolroom without great pain and suffering as a result of the performance of such duties? A. She will not be fit to take up the duties of a teacher unless by some operative or distinctly mechanical measures these pelvic organs are restored to more nearly the normal, that is they will not recover spontaneously. By spontaneously I mean she will not recover unaided."

The reasons assigned by appellant in his motion were that these questions call upon the witness as an expert to express an opinion upon facts which were not disclosed by the question, a part of which had been detailed by the witness in answer to other questions, and part of which had not been disclosed by his previous testimony, so that he was not required by each of the questions to base his opinion solely upon such facts as he had previously given in his testimony. Bearing upon this contention, we find that the doctor testified that he had known appellee for a number of years, and that he had treated her before he was called upon to examine her on this occasion. He saw her from time to time, and he had made casual inquiries about her health, and she said "she was well and she seemed well." This is the only statement which in anywise involved appellee's physical condition made by her to her physician and testified to by him, and these are the undisclosed facts and statements made by the patient to her physician which it is claimed the question objected to embraced.

Whatever may have been appellee's purpose in calling upon Dr. Rupe for a physical examination, the record is clear that he at that time did not know that she

had a suit pending, and we may assume from the condition of the entire record that he knew of no purpose other than that she had sought such examination so that he might advise with her and treat her.   We believe, under the facts of this case, the questions were not objectionable.   *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 3 N. E. 836, 54 Am. Rep. 312.

But if it were conceded that the questions complained of embraced some undisclosed facts, yet they were not of the character included within the rule relied 2. on by appellant.   They did not include any statements of illness, pain, or suffering, but simply that "she said she was well," and therefore no possible harm could have come to appellant in any event.

It is next contended by appellant that statements made by a physician to his patient are hearsay, and therefore are not admissible in evidence, and for this reason appellee should not have been permitted, over appellant's objection, to answer the following question: "If you learned or knew what trouble you were suffering from at that time, you may tell what it was?"

The general rule seems to be that, where offered testimony is based in whole or in part upon the knowledge of some other person than the witness, it is inadmissible as hearsay.   So that, while it may be 3. said that the testimony here complained of should have been excluded, it clearly appears that it was harmless for the main reason that the attending physician himself testified to appellant's condition as he found her subsequently to the accident, and, as to the question now under consideration, stated in detail the parts of her body which had been injured, and his statement was in substance the same as that given by appellee, so that it seems to us that it would be unreasonable to say that, because it was improper to permit appellee to answer

the question under consideration, the error was such as to require a reversal of the case.

It is true, as contended by appellant, that special damages cannot be recovered in the absence of proper averments in the complaint. In this complaint appellee's special damages were limited to the loss of her vocation as a school teacher. So that it was error to permit her to give in evidence the fact that by reason of her injuries she was prevented from earning $25 a week as a singer. This error, however, was rendered harmless because before the conclusion of the evidence the answer in which is incorporated this erroneous matter was stricken out and the jury directed to disregard the same.

The record also discloses that prior to the trial appellee's oral examination as a party was taken, in which she gave in evidence the medical treatment she received from Dr. Graessle, but at the trial the court in the first instance sustained an objection to questions along the same line of examination. This was error, because, having voluntarily broken the privilege of confidence between her and her attending physician, she could not afterward recall such privilege. *Pittsburgh, etc., R. Co.* v. *O'Connor* (1909), 171 Ind. 686, 690, 85 N. E. 969.

We find, however, that later during the trial substantially the same questions were asked her, objections were overruled, and she gave full and complete answers to all such questions relating to the treatment which she had received from her attending physician, so that whatever error there was in the court's first ruling was cured and made harmless by the later proceedings.

This was a second trial of the case, at which time appellee testified that after the collision he saw appellant step out of the buggy first upon the step of the

buggy and then upon the road.   The court reporter who had taken the evidence in the first trial was then called in rebuttal, apparently for the purpose of showing that he did not at the former trial give any testimony as to the manner in which she was removed from the buggy after the collision.   A question similar in nature was put to the reporter as to Dr. Graessle's evidence at the former trial, and was as follows:   "I will ask you to state to the jury whether or not Dr. Graessle in his testimony at the former trial said that Lena Greer on or about the 1st day of September, 1912, called at his office and said to him that she had had an automobile scare and jumped from the buggy and hurt herself." On preliminary examination of the winess by appellant she stated that she had no memory or recollection of the evidence referred to independent of her notes; that she had a recollection, but it was so vague as to be uncertain, and that she had a recollection, but would not swear to it without referring to her notes.   An objection was then made to her testifying for the reason that it was apparent that she relied wholly upon her notes and requested that the notes be read as the best evidence.   This objection and request was overruled, and it is now insisted that this was also error.

We are disposed to hold that appellant's objection should have been sustained or his request to have the full notes on the former trial covering the same subject-matter in full granted.   We find, however, that the record discloses an objection to the witness testifying, which was overruled by the court, but no exception to the ruling was saved, therefore appellant is in no position to complain of such adverse ruling now.   Furthermore, upon cross-examination of the same witness, the record discloses that appellee expressly waived all objections to the reading in full of appellant's testimony given at the

former trial, so that every opportunity was afforded appellant to have the jury informed as to his evidence at such former trial and, refusing to avail himself of the opportunity, is in no position to ask a reversal on the alleged error now insisted upon.

We are of the opinion that it clearly appears from the whole record that there was ample evidence to support the judgment given appellee in this case, and that appellant was in no manner harmed by any of the rulings disclosed in his brief.

Judgment affirmed.